## M. S. Ragland *v.* H. D. Taylor.

[Abstract Kentucky Law Reporter, Vol. 7—163.]

**Measure of Damages in Trespass.**

Where by reason of a disputed boundary line one of the defendants sells and has cut growing timber, which the purchaser makes into staves and hauls to the railroad for shipment, if it turns out that the seller was a trespasser, not owning the land, and the real owner seeks to hold him for the trespass, the value of the staves at the station is not the measure of his damages, but rather the value of the trees as they were before being cut.

### APPEAL FROM OHIO CIRCUIT COURT.

May 30, 1885.

Opinion by Judge Pryor:

It can not be maintained in this case that the appellant or those acting under his direction committed a wilful trespass on appellee's land. There had been allotted to appellant, in the division of the land left by her father at his death, her part of the inheritance and in that allotment is included the disputed boundary upon which the timber was cut. While it appears that it is the land of appellee, the boundaries of the original patent or one of them under which the parties claim had been changed, and there is some proof conducing to show that appellant is the owner. There was no intentional wrong committed in cutting the timber and under such circumstances the timber having been severed from the ground under a mistake of fact as to boundary, the chancellor to whom this case was sent from a court of law, erred in giving to the appellee the value of the timber in its improved condition.

The land was uninclosed and the timber was standing upon it; and, in that locality it had been used and was then being used for making staves, headings, etc.

The appellant sold the trees standing for their full value and the purchaser from her felled the timber, made it up into headings and staves and hauled it to the railroad, and by his skill and labor so added to the value of the trees as they stood in the woods as would preclude the chancellor by reason of the injustice of such a claim from rendering a judgment for the value of the timber in its improved condition, which was four or five times as much as the timber was worth before his skill and labor was applied to it. We regard this as an extreme case, the party charged with no intention of doing wrong, but under a palpable mistake as to the boundary entered and cut the timber. He not only cut the timber, but by his work and labor has given it almost its entire value. One has no right to enter upon the land of his neighbor however innocent he may have been as to the boundary and then commit a trespass. The extent of his possession he is required to know, and in this case if he had cut the timber only, and hauled it to the railroad as cord wood, the market value would not have been so great as to have prevented the owner from recovering it. There are exceptions to the rule that wherever the owner can trace or identify his property he may recover it, although changed in condition. This exception exists only in extreme cases, and the facts of this case show the timber sought to be recovered was given almost its entire value by its changed condition.

As said by Cooley, judge in *Sutherland v. Green*: "Having given the timber in its present condition nearly its entire value, is the only grounds of equity which influenced the courts in recognizing a change of title under any circumstances." The appellee with a view doubtless of having the exact boundary of his land determined, made his motion, which was sustained, by which the case found its way to a court of equity, and as there is nothing in the case showing that the timber in its primitive state was worth more to the appellee for any other purpose than that to which it was applied the conscience of the chancellor will not permit him to give to the appellee the value of the skill and labor of the appellant, when he is fully compensated by giving him its value as it stood in the forest.

Judgment *reversed* and remanded with directions to render judgment for the value of the timber in its primitive condition. *Strubbee v. Cin. R. &c. Co.*, 78 Ky. 481, 39 Am. Rep. 251.

E. C. *Hubbard, for appellant.*

McHenry, *Hill & Taylor, for appellee.*

[Cited, *Gerkins v. Ky. Salt Co.*, 23 Ky. L. 2417, 67 S. W. 821.]